IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| PAUL VINCENT DOMINICK | : | |
| BARBARA JEAN DOMINICK | : | CASE NO. 1:13-bk-02346 |
| fdba Dominick's Antiques, | : | |
|     Debtors | : | |
| | : | |
| PAUL VINCENT DOMINICK | : | |
| BARBARA JEAN DOMINICK | : | |
| fdba Dominick's Antiques, | : | |
|     Movants | : | |
| v. | : | |
| SETERUS, INC as the authorized | | |
| subservicer for Federal National | | |
| Mortgage, | | |
|     Respondent/Claimant | | |

**AMENDED OBJECTION TO RESPONSE TO NOTICE OF FINAL CURE**

COME NOW the Debtors, by and through attorney Dorothy L. Mott, Esquire and make this Objection to Creditor's Response to Notice of Final Cure filed in the above–captioned bankruptcy proceeding, stating in support there of as follows:

1. The Debtors filed a Chapter 13 bankruptcy proceeding on 5/2/2013.

2. The Debtors successfully completed their plan and the Trustee filed a Notice of Final Cure on May 22, 2018.

3. On June 12, 2018 Seterus, Inc. filed a Response to the Notice of Final Cure, stating that the debtors "are not current on all postpetition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs. Creditor asserts that the total amount remaining unpaid as of the date of this response is $3,591.79, which includes fees, charges, expenses, escrow, and costs outstanding in the amount of $226.25.

4. Bankruptcy Rule 3002.1 directs the holder of a claim secured by the Debtor's principal residence as follows:

> (a) In General. This rule applies in a chapter 13 case to claims (1) that are secured by a security interest in the debtor's principal residence, and (2) for which the plan provides that either the trustee or the debtor will make contractual installment payments. Unless the court orders otherwise, the notice requirements of this rule cease to apply when an order terminating or annulling the automatic stay becomes effective with respect to the residence that secures the claim.
> (b) Notice of Payment Changes. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment in the new amount is due.
> (c) Notice of Fees, Expenses, and Charges. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred..

5. Seterus has filed no Notices of Post Petition Fees and Costs as required by Rule 3002.1.

6. The Debtors assert that they have made all required mortgage payments and suspect that the alleged balance owed is the result of charges added to the loan that were not properly noticed.

7. Although Seterus has attached documentation to the Response, the document is largely incomprehensible to Debtors' counsel; however, page 39 of Seterus' attachment indicates that the payment made on May 29, 2018 was due for June 1, 2018. This statement confirms that the Debtors were current on post-petition mortgage payments.

8. Bankruptcy Rule 3002.1(i) provides

> (i) Failure to Notify. If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:
>     (1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case,

unless the court determines that the failure was substantially justified or is harmless; or

    (2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

9. Seterus has failed to comply with Rule 3002.1.

10. The Debtors are entitled to recover attorney's fees and costs caused by Seterus' failure to comply with Rule 3002.1 and are entitled to a determination that Seterus is precluded from presenting the omitted information as evidence in any contested matter or adversary proceeding in the case.

WHEREFORE, the Debtors hereby request that this Honorable Court enter an order

1. Disallowing and dismissing the alleged arrearages claimed in the Response to Notice of Final Cure; and

2. Declaring that the Debtors are current on the mortgage; and

3. Awarding attorney's fees and costs to the Debtors; and

4. Precluding Seterus from presenting the omitted information as evidence in any contested matter or adversary proceeding in the case; and

5. Granting such other relief as this Court deems just.

Respectfully submitted,

/s/ Dorothy L. Mott
_____
Dorothy L. Mott, Esquire
125 State Street
Harrisburg, PA 17101
717.232.6650 Tel
717.232.0477 Fax
doriemott@aol.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| PAUL VINCENT DOMINICK | : | |
| BARBARA JEAN DOMINICK | : | CASE NO. 1:13-bk-02346 |
| fdba Dominick's Antiques, | : | |
|     Debtors | : | |
| | : | |
| PAUL VINCENT DOMINICK | : | |
| BARBARA JEAN DOMINICK | : | |
| fdba Dominick's Antiques, | : | |
|     Movants | : | |
| v. | : | |
| SETERUS, INC as the authorized | : | |
| subservicer for Federal National | : | |
| Mortgage, | : | |
|     Respondent/Claimant | : | |

**O R D E R**

    UPON CONSIDERATION of the Amended Objection to Response to Notice of Final Cure filed by the Debtors, it is hereby

    ORDERED that the Response to Notice of Final Cure is disallowed and dismissed; and it is further

    ORDERED that the Debtors are current on the mortgage; and it is further

    ORDERED that Seterus shall pay Debtors' attorney's fees and costs; and it is further

    ORDERED that Seterus is precluded from presenting the omitted information as evidence in any contested matter or adversary proceeding in the case